THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LUIS DAMIAN CORRALIZA MARTINEZ

Debtor

CASE NO. 25-000885 (ESL)

CHAPTER 13

FILED AND ENTERED 9/12/2025

OPINION AND ORDER

This case came before the court on September 10, 2025, to consider the confirmation of the amended *Chapter 13 Plan dated September 5, 2025* (dkt. #54), the unfavorable report filed by the Chapter 13 Trustee (the "Trustee") (dkt. #57), and the Debtor's response to the unfavorable report (dkt. #58).

The Chapter 13 Plan was confirmed at the hearing (dkt. #59). The parties agreed that the plan was sufficiently funded to pay the amounts alleged by the Trustee, as well as the amounts alleged by the Debtor to constitute the total amount of unsecured claims. However, the court took under advisement the Debtor's position that amended Proof of Claim No. 4-2 filed by Portfolio Recovery Associates, LLC ("Portfolio") on August 6, 2025, should not be considered for disbursement purposes as the original claim filed by Portfolio had been disallowed by the court on July 15, 2025 (dkt. #45). The issue regarding Portfolio's claim was prompted by the unfavorable report which stated there was a disagreement as to the total allowed unsecured claims amounts since the Debtor was not including payment to proof of claim number 4 by Portfolio.

The Debtor in his response alleges that "Proof of Claim No. 4 was disallowed by this Honorable Court on July 15, 2025. *See*, Dkt. No. 45. No motion for reconsideration has been filed; much less, has this Honorable Court's Order Granting Debtor's Objection to Proof of Claim No. 4 been set-aside. Proof of Claim #4, succinctly, is a non-claim, since it was disallowed by this Honorable Court." (dkt. #58, p. 1, ¶ 4). The Debtor supports his position alleging that:

> It has been settled that "in order to amend a claim, there must be something to amend. When a claim has been disallowed, there is no pending proof of claim to amend." In re White Motors Corp., 65 B.R. 383, 391 (N.D. Ohio 1986). Under similar facts, the Court in the case of Howard Hughes Properties, L.P. v. FPFI

-1-

Creditor Trust, 2002 WL 373558, at *3 (N.D. Tex. Mar. 7, 2002), noted that "[b]ecause the Bankruptcy Court denied Hughes's original Proof of Claim, Hughes could not amend the Proof of Claim. Hughes's request that the Bankruptcy Court accept the Amended Proof of Claim was tantamount to a request for the Bankruptcy Court to reconsider its prior determination as to the validity of Hughes's original Proof of Claim, which the Bankruptcy Court could not do under the principles of collateral estoppel. *See*, Howard Hughes Properties, L.P. v. FPFI Creditor Trust, 2002 WL 373558, at *3 (N.D. Tex. Mar. 7, 2002).

dkt. #58, p. 2, ¶ 6.

## UNCONTESTED FACTS

The uncontested facts concerning Portfolio's Proof of Claim No. 4 are the following:

1.      On February 28, 2025, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (dkt. #1), the Bank of Missouri was included in Debtor's Creditors' Matrix (dkt. #1, p. 12).

2.      On March 7, 2027, The Bank of Missouri was included in Schedule E/F as an unsecured creditor (dkt. #11, p. 27, item no. 4.7).

3.      Notice of dates and deadlines of the bankruptcy case was given on March 4, 2025 (dkt. #7).  The deadline for filing a proof of claim was set as May 9, 2025 (the "Bar Date"). The Bank of Missouri was given notice (dkt. #10).

4.      On May 2, 2025, Portfolio filed Proof of Claim No. 4-1 disclosing that the claim was acquired from The Bank of Missouri. See Claims Register, Proof of Claim No. 4-1.

5.      On June 11, 2025, the Debtor filed an *Objection to Proof of Claim #4* (dkt. #40). The same included a thirty-day response period.

6.       On July 15, 2025, the court entered an *Order* granting Debtor's objection to Portfolio's proof of claim no. 4 as no response was timely filed (dkt. #45).

7.      Portfolio has not filed a motion to reconsider this court's order disallowing proof of claim 4-1.

8.      On August 6, 2025, Portfolio filed amended Proof of Claim No. 4-2, that is, after the Bar Date. See Claims Register, Proof of Claim No. 4-2.

9.      Portfolio did not file a motion requesting authorization to file the amended claim.

10. The Debtor has not filed an objection to Portfolio's Proof of Claim No. 4-2.

DISCUSSION

As an introductory matter, there are no specific provisions in the Bankruptcy Code or the Bankruptcy Rules addressing the amendment of a timely filed proof of claim disallowed by court order.

It is the established precedent in the First Circuit is that timely filed claims may generally be amended at any time while the case is pending. See In re Bermudez, 2024 WL 4470874 (Bankr. D.P.R. 2014); In re Ruiz Martinez, 513 B.R. 779 (Bankr. D.P.R. 2014); In re Landron, 2023 WL 1460543 (Bankr. D.P.R. 2023). It is the duty of the Chapter 13 debtor and/or the Chapter 13 trustee to file objections to claims that are improperly filed or classified. See In re Galindez, 514 B.R. 79, 88 (Bankr. D.P.R. 2014). Creditors are required to move the court for leave to file an amended claim when the original claim has been objected to. See Fed. R. Bankr. P. 9013; Advisory Committee's Note to Fed. R. Bankr. P. 9014 ("the filing of an objection to a proof of claim ... creates a dispute which is a contested matter.").

The particular facts of this case show that the original timely filed claim was disallowed by the court upon the debtor's objection, that the amended claim was filed after the Bar Date to file claims had elapsed and was not accompanied by a motion requesting leave to file the amendment, that the amendment is intended to cure the defects alleged in the objection, and the amended claim has not been objected to by either the Debtor or the Trustee. Nevertheless, since there is no specific request by either the creditor to amend disallowed Proof of Claim No. 4-1 or an objection to the "amended" proof of claim, the First Circuit standards on the subject have not been applied. See In re Rios Vargas, ___ B.R. ___, 2025 WL 2487478 (1st Cir. BAP 2025); In re Hemingway Transp., Inc., 954 F.2d 1, 10 (1st Cir. 1992).

The court further notes that amendment is intended to cure the defects alleged in the objection. Because the claim intended to be amended had been disallowed, there was no existing claim to amend. Even if a request for leave to amend had been filed, such leave would not have been the proper procedural vehicle. By the amendment, Portfolio is, essentially, asserting a new

claim. There is precedent establishing that a new claim may not be asserted after the bar date as the underlying claim is not a valid proof of claim. See In re MK Lombard Group I, Ltd., 301 B.R. 812 (Bankr. E.D. Pa. 2003). However, even if the amended claim is not *prima facie* valid or should not allowed for any of the reasons set forth in 11 U.S.C. § 502(b), the same is "not automatically disallowed." In re DePugh, 409 B.R. 125, 137 (Bankr. S.D. Tex. 2009).  As stated before, it is the duty of the Chapter 13 debtor and/or the Chapter 13 trustee to file objections to claims that are improperly filed or classified. See In re Galindez, 514 B.R. at 87.

In view of the foregoing, the court orders the debtor to file an objection to Portfolio's "amended" Proof of Claim  No. 4-2  within twenty-one (21) days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of September 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-